924

## SCHIELE v. UNITED STATES.
### No. K–341.

Court of Claims.
Nov. 6, 1933.

This case having been heard by the Court of Claims, the court, upon the evidence adduced, makes the following special findings of fact:

1. Plaintiff is a citizen of the United States and a resident of St. Louis, Mo.

2. March 8, 1920, plaintiff filed his income tax return for 1919, which disclosed taxable net income of $41,028.34 and a tax of $4,419.61. The foregoing amount was duly assessed and paid and is not here in dispute. The said return was filed on the basis of cash receipts and disbursements.

3. Thereafter the Commissioner of Internal Revenue (hereinafter referred to as the "commissioner") caused an examination to be made of plaintiff's return for 1919 in connection with the return for the same year of the Edwin Schiele Distilling Company (hereinafter referred to as the "corporation"), a corporation which was in the process of liquidation in that year, and in which plaintiff held approximately two-thirds of its stock, both common and preferred. As a result of such examination it was determined that plaintiff realized a profit of $27,433.98 on liquidation of the corporation.

4. The foregoing payments on account of common stock were made as the result of a series of resolutions adopted December 6, 1919, at a special meeting of the board of directors of the corporation. Specific authorization was provided in such resolutions for the liquidating dividends shown in the commissioner's computation as having been paid on December 6, December 12, December 16, December 22, and December 26, 1919, and the amounts so authorized were paid to plaintiff on the dates mentioned. A further resolution provided that "the officers pay such additional sums in liquidation on the common stock of the company as in their judg-ment they may determine and the funds of the company may warrant." The payment of $75,000 on account of preferred stock was made pursuant to a resolution adopted December 31, 1919, and such payment was made or became available to plaintiff on that date.

5. The corporation carried on no activities after December 31, 1919, except to complete its liquidation. It then held Liberty bonds to the extent of $62,630.22, which were being held to satisfy a claim for income and profits tax alleged by the government to be due and such claim was later paid from that source. The corporation also held certain accounts receivable on which collections were had from time to time from December 26, 1919, to January 19, 1920. On December 31, 1919, the cash balance of the corporation was not in excess of $7,920.41. The books of the corporation reflected no other assets. No meeting of the board of directors was held subsequent to December 31, 1919. On January 19, 1920, further cash having been accumulated through collections from accounts receivable, a final liquidating dividend of $8,000 was paid plaintiff, who held approximately two-thirds of the outstanding common stock, and a similar dividend of $4,000 was paid on the same date to David Kriegshaber, who held approximately one-third of the outstanding common stock. The foregoing payments were made pursuant to the resolution of December 6, 1919, quoted in finding 4, which authorized the payment of such additional sums in liquidation by the officers "as in their judgment they may determine and the funds of the company may warrant."

6. An entry reflecting the aforementioned dividend of $8,000 (shown as the last item in the commissioner's determination) in favor of plaintiff was made on the corporation's books, showing a credit of that amount in plaintiff's personal account under date of December 31, 1919. The entry, however, was not made until subsequent to December 31, 1919. Not only was the dividend not paid plaintiff until January 19, 1920, as heretofore shown, but, also, it was not subject to his unqualified demand until subsequent to December 31, 1919.

7. As a result of the determination by the commissioner as set out in finding 3, an additional assessment was made against plaintiff of $9,252.03 for 1919, and such amount (together with interest, $1,063.98) was paid by plaintiff, under protest, on September 28, 1925.

8. May 6, 1929, plaintiff filed a claim for refund of the foregoing amount, namely,

$10,316.01, and assigned as a basis therefor that the amount received by him in 1919 on account of the liquidation of the corporation had been overstated by $18,400, that is, the payments set out in the commissioner's determination as having been paid to plaintiff on December 26 and December 31, 1919. On June 28, 1929, the commissioner rejected the foregoing claim.

9. The parties have stipulated that: "If said dividend of $8,000 was not income to petitioner for the year 1919, petitioner's tax for that year has been overassessed and overpaid in the sum of $3,094.60."

Jesse I. Miller, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (W. W. Scott, J. H. Sheppard, T. H. Lewis, Jr., and E. J. Dowd, all of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, LITTLETON, and WHALEY, Judges.

GREEN, Judge.

This action is begun to recover the sum of $6,611.68 with interest on account of taxes alleged to have been erroneously assessed and collected for the year 1919. On the submission of the case the parties agreed that the only issue in the case was whether a certain liquidating dividend of $8,000 which the commissioner included in the taxable income of plaintiff for 1919 was properly taxable in that year. This depends on whether the dividend was received by plaintiff or placed under his control during the year 1919; or, on the other hand, whether it was not received by him and did not come under his control until the year 1920, as plaintiff alleges. This matter is wholly a question of fact to be determined from all of the evidence in the case. The commissioner of this court who heard the testimony and made a report thereon has found in favor of the plaintiff on this matter. His report recites: "Not only was the dividend not paid plaintiff until January 19, 1920, as heretofore shown, but, also, it was not subject to his unqualified demand until subsequent to December 31, 1919."

To this finding and other findings on which it is in part based the defendant has excepted. We have carefully examined the testimony and from this examination conclude that the preponderance of the evidence sustains the commissioner's findings and have therefore adopted them. While the testimony is not long; no useful purpose will be subserved by discussing it.

It is sufficient to say that upon these findings and the stipulation of the parties as to the amount of overpayment, if the findings of the commissioner are sustained, judgment must be rendered in favor of the plaintiff for the sum of $3,094.60 with interest at 6 per cent. from September 28, 1925, for the period provided by law. It is so ordered.